Lord James Joseph BLACK, Plaintiff,

v.

Alfred B. DELBELLO, Westchester County Executive; Albert Gray; Norwood Jackson; Samuel F. Schnitta; and Joseph Stancarey, Defendants.

No. 82 Civ. 7850 (CBM).

United States District Court,
S.D. New York.

June 6, 1983.

Lord James Joseph Black, plaintiff pro se.

Semel, Boeckmann & Skydel, New York City, for defendants.

### MEMORANDUM OPINION AND ORDER

MOTLEY, Chief Judge.

This is a civil rights action brought pursuant to 42 U.S.C. § 1983. The plaintiff,

---

Lord James Joseph Black, makes numerous allegations in his complaint which may be summarized as follows: 1) he was illegally transferred from the Westchester County Jail to the Orange County Jail; 2) he was denied medical treatment in violation of the Eighth Amendment; and 3) he was deprived of property in violation of the due process clause of the Fourteenth Amendment. Defendants have moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons set forth below, defendants' motion is granted.

*Discussion*

At the outset, the court notes that the defendants are various Westchester County Jail administrators who allegedly ordered plaintiff's transfer but who had no personal involvement in the prisoner's remaining two allegations of constitutional violations.

■ A prisoner has no right to be incarcerated in a particular institution, and absent some right created by statute, regulation, or policy, the due process clause of the Fourteenth Amendment provides no right to a pre-transfer hearing or any other protection against inter-prison transfers. *Meachum v. Fano,* 427 U.S. 215, 225, 96 S.Ct. 2532, 2538, 49 L.Ed.2d 451 *reh'g denied,* 429 U.S. 873, 97 S.Ct. 191, 50 L.Ed.2d 155 (1976) ("[T]he Due Process Clause in and of itself [does not] protect a duly convicted prisoner against transfer from one institution to another within the state prison system. Confinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose."); *Montanye v. Haymes,* 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976) (absent some right rooted in state law that state prisoner will not be transferred absent misconduct or occurrence of other specific events, prisoner has no procedural due process rights to a pre-transfer hearing). *See also Persico v. Gunnell,* 560 F.Supp. 1128 at 1131–1137 (S.D.N.Y.1983).

■ Plaintiff argues that *Meachum* and *Montanye* dealt with convicted prisoners and that as a pre-trial detainee, who has not yet been convicted, he retains a broader liberty interest than does a convicted prisoner. *See Meachum,* 427 U.S. at 224, 96 S.Ct. at 2538 ("[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution.").

Assuming *arguendo* that this argument is valid, the court believes that it must nonetheless fail. In the instant case, plaintiff was transferred pursuant to an order issued by the New York State Commission of Correction which it has the power to do pursuant to N.Y. Correct. Law § 504 (McKinney Supp. 1982–83). The order cited overcrowding as the purpose for designating Orange County Jail as the facility in which to house prisoners transferred from the Westchester County Jail. In challenging his transfer, plaintiff argues that there were many empty cells in the Westchester County Jail. Complaint ¶ 4. This argument is directed at the exercise of judgment by the prison supervisors not at the legality of their actions. Given the facts of the instant case, the reasoning of the Supreme Court in *Meachum* is also applicable here:

> Holding that arrangements like this are within reach of the procedural protections of the Due Process Clause would place the Clause astride the day-to-day functioning of state prisons and involve the judiciary in issues and discretionary decisions that are not the business of federal judges. We decline to so interpret and apply the Due Process Clause. The federal courts do not sit to supervise state prisons, the administration of which is of acute interest to the States.

*Meachum,* 427 U.S. at 228–229, 96 S.Ct. at 2540–41. *See Preiser v. Rodriquez,* 411 U.S. 475, 491–92, 93 S.Ct. 1827, 1837, 36 L.Ed.2d 439 (1973). For this court to rule upon a claim that a prison supervisor erroneously exercised his judgment in the performance of a discretionary function would

be to interfere in the "day-to-day functioning of state prisons and involve the judiciary in issues and discretionary decisions that are not the business of federal judges." *Meachum,* 427 U.S. at 228–229, 96 S.Ct. at 2540. The court concludes that as framed, the complaint does not assert a cognizable constitutional claim which may be brought pursuant to the remedial statute, 42 U.S.C. section 1983.

■ With respect to his remaining two claims against these defendants, plaintiff does not allege any personal involvement by the named defendants. At oral argument on these motions, plaintiff stated that none of the named defendants was personally involved in the remaining claims. Accordingly, since plaintiff is seeking to hold defendants liable under the doctrine of *respondeat superior,* these claims are barred by *Monell v. Department of Social Services of New York City,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

Under these circumstances, defendants' motion for summary judgment is granted and the complaint is dismissed. This action is hereby discontinued.

SO ORDERED.